UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RODRIGUEZ-ARANGO,

        Petitioner,                        Case No. 2:15-cv-13268
                                               Hon. George Caram Steeh
v.

LLOYD RAPEJLE,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR
WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Michael Rodriguez-Arango, ("Petitioner"), filed a petition for writ of habeas corpus challenging his state court conviction. Petitioner was found guilty after a jury trial in the Ingham Circuit Court of four counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, and one count of second-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520c. He was sentenced to four concurrent terms of 25-to-40 years for the first-degree convictions and a concurrent term of 86 months-to-15 years for the second-degree conviction. Petitioner asserts the trial court did not acquire jurisdiction to try him because of a lack of "necessary statutory certification" by the state magistrate judge following the preliminary examination. The case will be summarily dismissed because Petitioner's claim is not cognizable on federal habeas review. The Court will also deny Petitioner a certificate of appealability and deny leave to appeal in forma pauperis.

I.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; see 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; see *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

II.

Petitioner alleges that the after the preliminary examination the state magistrate judge failed to certify the bind-over and properly transmit his case to the state circuit court for trial as required by Michigan Court Rule 6.110(G). He argues that this deprived the circuit court of jurisdiction under Michigan law, and therefore his convictions are invalid. This argument does not provide a basis for granting habeas relief.

There is no general constitutional right to a preliminary examination before trial. See *Gerstein v. Pugh*, 420 U.S. 103, 125 n.26 (1975). A state court's failure to even hold a preliminary examination does not present a cognizable habeas claim. See *Scott v. Bock*, 241 F. Supp. 2d 780, 793 (E.D. Mich. 2003). It follows that any errors occurring at the preliminary examination and bind-over for trial do not implicate a criminal defendant's constitutional rights, and therefore cannot form the basis for granting habeas relief under 28 U.S.C. § 2254(a).

Furthermore, the determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); See also *Daniel v. McQuiggin*, 678 F.Supp. 2d 547, 553 (E.D. Mich. 2009). As the Supreme Court has long explained, "there is nothing in the clauses of the 14th Amendment guarantying [sic] due process and equal protection which converts an issue respecting the jurisdiction of a state court under the Constitution and statutes of the state into anything other than a question of state law[.]" *Gasquet v. Lapeyre*, 242 U.S. 367, 369 (1917).The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 Fed. Appx. 473, 475 (6th Cir. 2001).

Petitioner's claim that the trial court lacked jurisdiction to try his case because of an error in the bind-over after the preliminary examination therefore raises only an issue not cognizable on federal habeas review. See *United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.*, 152 F. Supp. 2d 1004, 1013 (N.D. Ill. 2001) (claim that state court lacked jurisdiction to try defendant under state law not cognizable on federal habeas review). The petition will therefore be summarily denied.

III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily denied because the claim it raises is not cognizable. Therefore, the Court denies a certificate of appealability. Furthermore, leave to appeal in forma pauperis will be denied because any appeal of this order would be frivolous.

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **SUMMARILY DENIED**.

**IT IS FURTHER ORDERED**, that a certificate of appealability and permission to proceed on appeal in forma pauperis are **DENIED**.

Dated: September 22, 2015

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 22, 2015, by electronic and/or ordinary mail and also on Michael Rodriguez-Arango #747888, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk