UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RODRIGUEZ-ARANGO,

               Petitioner,               Case No. 2:15-cv-13268
                                                    Hon. George Caram Steeh

v.

LLOYD RAPELJE,

               Respondent.
_____/

**OPINION AND ORDER (1) DENYING RULE 60(B) MOTION FOR
RELIEF FROM JUDGMENT, AND (2) TRANSFERRING RULE 60(B) MOTION
TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) [Dkt. 8]**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The Court summarily denied the petition on September 22, 2015, because Petitioner's single claim, challenging the jurisdiction of the state trial court, was not cognizable. Dkt. 6. It appears that Petitioner also filed a prior habeas petition attacking the same state court conviction that was recently denied. See *Rodriguez-Arango v. Rapelje*, No. 2:12-cv-11973 (E.D. Mich. May 10, 2016).

Petitioner has filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). Petitioner's motion raises new challenges to his state court conviction: (1) Petitioner does not speak English and did not understand what was happening during state court proceedings, (2) the prosecutor committed misconduct, (3) Petitioner's trial counsel was ineffective, and (4) the victim's father framed Petitioner. For the reasons stated below, the Court deniesthe 60(b) motion for relief from judgment and transfers

the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

I.

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). See *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Id.*, at 532. Petitioner's motion constitutes a second or successive habeas petition because it raises new claims challenging his state court conviction rather than attacking the integrity of the habeas proceedings.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a

federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. See *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; See also *In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). Petitioner's four new claims are subject to the limitations on the filing of successive habeas petitions contained within 28 U.S.C. § 2244(b)(3)(A). See *Clark v. Milyard*, 341 Fed. Appx. 353, 354 (10th Cir. 2009).

II.

Based on the foregoing, the Court **DENIES** the motion for relief from judgment.

The Court further **ORDERS** the Clerk of the Court to transfer the motion for relief from judgment [Dkt. 8] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

Dated: June 20, 2016

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 20, 2016, by electronic and/or ordinary mail and also on Michael Rodriguez-Arango #747888, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk